UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 07-122-HRW

JAMES DAVID SMITH,                                              PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability, disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current applications for a period of disability, disability insurance benefits and supplemental security income benefits on June 23, 2004, alleging disability beginning on November 10, 2003, following an accident at work (Tr. 52, 101).

These applications were denied initially and on reconsideration.

On December 7, 2005, an administrative hearing was conducted by Administrative Law Judge John Lawrence (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 310-331). At the hearing, Dr. Jackie Rogers, a vocational expert (hereinafter "VE"), also testified (Tr. 332-225).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

>Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
>Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
>Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
>Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
>Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 25, 2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 11-19).

Plaintiff was 33 years old at the time of the hearing decision (Tr. 43). He has a high school education (Tr. 52-53). His past relevant work consists of employment as a roof bolter and logger. (Tr. 18).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 13).

The ALJ then determined, at Step 2, that Plaintiff suffered from a herniated disc, which he found to be "severe" within the meaning of the Regulations (Tr. 13).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 14-15).

The ALJ further determined that Plaintiff has the following residual functional capacity ("RFC"):

> [L]ift / carry 20 pounds occasionally and ten pounds frequently; he can sit, stand or walk up to six hours per workday. He cannot climb ropes, scaffolds or ladders but may occasionally climb stairs or ramps and may occasionally crawl.

(Tr. 16).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a range of light level work, such as counter worker or assembler (Tr. 330-331). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on February 27, 2007 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III.  ANALYSIS

#### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

  **B.** **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred in evaluating his testimony concerning his pain and symptoms and (2) the ALJ did not give proper weight to the opinion of Dr. P.D. Patel.

  **C.** **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ erred in evaluating his testimony concerning his pain and symptoms.

It is well established that as the "ALJ has the opportunity to observe the

5

demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).

In this case, the ALJ found Plaintiff's credibility to be "poor" with regard to his allegations of disabling pain. (Tr. 19). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. The ALJ pointed out that the basis for Plaintiff's physical symptoms are a November 2003 accident involving a tree which fell on a bulldozer being operated by Plaintff. However, despite Plaintiff's allegations of disabling pain and discomfort, the medical evidence of record reveals essentially normal MRIs and X-rays. Further, there is no medical evidence of record which would indicate pain of disabling severity.

Moreover, the ALJ observed that Plaintiff did not appear to be in pain or discomfort while at the hearing, nor did he seem to have trouble concentrating or focusing (Tr. 15)

Finally, the ALJ found that despite allegations of disabling impairments, Plaintff engages in a wide variety of household and other daily activities. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household

and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). In this case, the record shows Plaintiff can dress, feed and bathe himself, as well as drive locally (Tr. 328).

The Court notes that in his brief, Plaintiff did not cite to any medical evidence which would support his allegations of disabling pain. Having reviewed the record, the Court finds that the ALJ did not err in assessing Plaintiff's credibility. To the contrary, his assessment is supported by substantial evidence.

Plaintiff's second claim of error is that the ALJ did not give proper weight to the opinion of Dr. P.D. Patel.

The Court is mindful that Dr. Patel is not a treating source in that he examined Plaintiff on only two occasions. Accordingly, his opinion is not entitled to controlling weight.

Nonetheless, the ALJ specifically addressed Dr. Patel's assessment in the hearing decision (Tr. 14, 17). Dr. Patel evaluated Plaintiff shortly after the aforementioned accident and, again, two years later (Tr. 259-260, 283). On the second visit, Dr. Patel diagnosed Plaintiff as having general anxiety disorder and posttraumatic stress disorder (Tr. 283). Dr. Patel opined that Plaintiff would be unable to engage into gainful employment (Tr. 283).

The ALJ was correct in discounting Dr. Patel's assessment. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

In addition, the ALJ noted that Dr. Patel failed to state the reasons that Plaintiff was suddenly disabled when he had been faring well mentally for the preceding two years (Tr. 14). Indeed, in that interim period, Plaintiff was examined by Robert Granacher, M.D., who, after administering a number of psychological tests, opined that Plaintiff has no limitations due to his psychiatric state (Tr. 273, 276). Dr. Granacher also noted that Plaintiff did not require psychiatric restrictions (Tr. 263-264).

Finally, the record shows that Plaintiff has never been hospitalized for psychiatric reasons and has never attended a mental health clinic.

The Court finds that the ALJ dd not err in his consideration of Dr. Patel's opinion.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This November 15, 2007.

Signed By:
_Henry R Wilhoit Jr._
United States District Judge